UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YATES CONSTRUCTION CO., INC. on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>SIGMA CORPORATION, MCWANE INC. and STAR PIPE PRODUCTS, LTD.,<br><br>Defendants. | No. 3:12-cv-00169-AET-LHG |
| SOUTH HUNTINGTON WATER DISTRICT, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>SIGMA CORPORATION, MCWANE INC. and STAR PIPE PRODUCTS, LTD.,<br><br>Defendants. | No. 3:12-cv-00734-FLW-DEA |
| WATERLINE INDUSTRIES CORPORATION and WATERLINE SERVICES, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>SIGMA CORPORATION, MCWANE INC. and STAR PIPE PRODUCTS, LTD.,<br><br>Defendants. | No. 3:12-cv-01022-AET-TJB |

| | |
|---|---|
| CITY OF DESOTO, on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SIGMA CORPORATION, MCWANE INC. and STAR PIPE PRODUCTS, LTD.,<br><br>Defendants. | No. 3:12-cv-01182-AET-LHG |

**REPLY OF PLAINTIFFS YATES CONSTRUCTION CO., INC. ("Yates") AND SOUTH HUNTINGTON WATER DISTRICT ("SHWD") IN FURTHER SUPPORT OF MOTION TO CONSOLDIATE and FOR APPOINTMENT AS CO-LEAD COUNSEL**

and

**IN OPPOSITION TO MOTION OF PLAINTIFFS WATERLINE INDUSTRIES CORPORATION AND WATERLINE SERVICES LLC ("Waterline Plaintiffs") TO APPOINT KOHN, SWIFT & GRAF, P.C. AS INTERIM LEAD COUNSEL FOR THE "RESELLER INDIRECT PLAINTIFFS"**

INTRODUCTION

The opposing memorandum filed by the Waterline Plaintiffs concurs with the Yates/SHWD Motion in two significant aspects: *First*, the Waterline Plaintiffs affirmatively support that aspect of the Yates/SHWD Motion which requests that all indirect cases currently filed in this Court (and identified in the above captions) be consolidated and assigned to a single judge. *See* Waterline Mem. at 5 (supporting consolidation or coordination). *Second*, the Waterline Plaintiffs do not dispute the contention of Yates/SHWD that their counsel, Weinstein Kitchenoff & Asher LLC ("WKA"), Kirby McInerney LLP ("KM"), and Trujillo Rodriguez & Richards, LLC ("TRR"), satisfy the requirements of Fed. R. Civ. P. 23(g) for appointment of interim co-lead (WKA and KM) and liaison (TRR) counsel in this case.

Seeking to carve out a spot for themselves in this litigation, the Waterline Plaintiffs have moved for the appointment of their counsel, Kohn, Swift & Graf, P.C. ("KSG"), as interim lead counsel for what they term a "Reseller Indirect Purchaser" Class ("Resellers" or "Reseller Class"). The thrust of the argument advanced by the Waterline Plaintiffs is that, unlike Yates and SHWD who are at the end of the distribution chain for ductile iron pipe fittings ("DIPF"), the Waterline Plaintiffs are intermediate resellers of DIPF and, therefore, require separate counsel.

The Waterline motion is deficient in the following respects. First, the motion is entirely devoid of any evidence, or even any allegation, that a definable class of indirect purchasers exists who are principally engaged in the business of reselling DIPF. Second, the motion is entirely devoid of any evidence, or even any allegation, that either of the Waterline Plaintiffs are engaged in the business of reselling DIPF. Third, the notion that a Reseller Class is required is entirely inconsistent with the allegations contained in the Waterline complaint, filed just two weeks before Waterline filed its lead counsel motion. The Waterline complaint, like the Yates complaint, does not seek certification of a Reseller Class, does not allege that the Waterline Plaintiffs are resellers, and, in fact, does not even allege that intermediate resellers are part of the distribution chain for DIPF. Finally, it is clear from the Waterline Plaintiffs' website that both Waterline Industries Corporation and Yates are engaged in substantially the same business, *i.e.*, building construction projects which involve the movement of water through pipes, and part of the same class, however defined. Thus, there is no reason to manufacture a separate class for the sole purpose of permitting the Waterline Plaintiffs' counsel, KSG, to fill a lead counsel role in this litigation.

## THE WATERLINE PLAINTIFFS HAVE FAILED TO PRESENT THIS COURT WITH ANY EVIDENCE THAT THEY ARE RESELLERS OR THAT A RESELLER CLASS EXISTS

The Waterline Plaintiffs' memorandum fails to provide this Court with any basis for appointing KSG as counsel for a Reseller Class. Their request for appointment provides no information regarding a definable class of indirect purchasers who are principally engaged in the business of reselling DIPF. Their request for appointment makes absolutely no reference to the Waterline Plaintiffs being a reseller of DIPF. In fact, the 17 pages of the Waterline Plaintiffs' memorandum contain only a single sentence which describes the entities as indirect purchasers, and not as indirect resellers. *See* Waterline Mem. at 3 ("Waterline is an indirect purchaser of DIPF from one or more of the Defendants during the relevant time period"). Not one word in the memorandum contends, avers or even suggests that the Waterline Plaintiffs are resellers of DIPF, or that a Reseller Class exists.

The Waterline Plaintiffs claim of a Reseller Class in its memorandum is also inconsistent with the complaint it filed just two weeks earlier. The Waterline complaint, like the Yates complaint, does not seek certification of a Reseller Class. In fact, the Waterline complaint is identical in every respect to the Yates complaint (except for party names and addresses), which does not seek certification of a reseller class. In fact, the Waterline complaint is, like the Waterline request for appointment, completely devoid of any allegations that the Waterline Plaintiffs are resellers or that a Reseller Class exists.

In their complaint, the Waterline Plaintiffs describe themselves only as follows:

- "Plaintiffs indirectly purchased domestic DIPF during the class period." Waterline Compl. at ¶ 5 (attached hereto as Exhibit A);

- "Plaintiffs ... are business entities with their principal place of business in Seabrook, New Hampshire. During each year of the Class Period, Plaintiffs indirectly purchased domestic DIPF sold by one or more of the Defendants and were injured as a

4

> result of Defendants' illegal conduct as alleged herein." *Id.* at
> ¶ 11.

There is no allegation (or even a suggestion) by the Waterline Plaintiffs in their Complaint that they are resellers.

In describing the DIPF industry, the Waterline Plaintiffs' complaint states:

> Independent wholesale distributors, known as ***"waterworks distributors," are the primary channel of distribution of DIPF to end users***. Waterworks distributors specialize in distributing products for water infrastructure projects, and generally handle the full spectrum of waterworks products, including ... [DIPF] ....

*Id.* at ¶ 19 (emphasis added). That is, the Waterworks Plaintiffs themselves allege that the waterworks distributors – who are direct purchasers and not intermediate resellers – are the primary channel of distribution of DIPF to end users. Thus, not only does the Waterline complaint fail to allege that the Waterline Plaintiffs are resellers, it fails to allege that resellers even exist in the DIPF distribution chain.[1]

The failure of the Waterline Plaintiffs to allege in either their complaint or memorandum that they are resellers of DIPF begins to make sense when the detailed and descriptive website of the Waterline Plaintiffs is reviewed. For example, it is patently evident that Waterline Industries Corporation ("Waterline Industries") is a general contractor for water and wastewater projects.[2] In that regard, its business is similar to that of plaintiff Yates Construction Co., Inc., which is also a general contractor for various projects. Because both Waterline Industries and Yates are general contractors, and there is no allegation or indication anywhere that Waterline Industries is

---

[1] Publicly available FTC documents suggest that the Defendants' conspiracy caused harm to individuals at the end of the distribution chain for DIPF, not at some intermediate reseller stage. In fact, the FTC does not mention indirect resellers at all in its pleadings. *See, e.g., In the Matter of Sigma Corp.*, FTC No. C-4347 (Complaint); *In the Matter of McWane, Inc. and Star Pipe Prods., Ltd.*, C-9351 (Complaint).

[2] *See* http://www.waterlinecompanies.com/services/Home.aspx; http://www.waterlinecompanies.com/Home.aspx.

5

a reseller of DIPF to other contractors or other resellers, these two plaintiffs appear to be identically situated in the chain of distribution for DIPF. Accordingly, Waterline Industries' economic interests in the case are already covered by Yates and Yates' counsel, WKA, already represents the interests of this type of contractor. The proposed WKA/KM/TRR lead counsel structure thus already ensures that the economic interests of contractors like Yates and the Waterline Plaintiffs are well represented.

The webpage for plaintiff Waterline Services, LLC ("Waterline Services"), an affiliated company,[3] explains that it services water and wastewater systems.[4] Neither it nor Waterline Industries describes itself as a "reseller" anywhere on the website and, tellingly, there is no product list on their website. While it is certainly possible that Waterline Services sells some DIPF in connection with its service work, it does not appear to be the predominant purpose of its business. However, a Reseller Class and appointment of separate counsel for such a class should not be premised on the happenstance sale of just a few pieces of DIPF by a company that is not even alleged by its own counsel to be an indirect reseller.[5]

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that the Court grant the Motion of Yates/SWHD to have their counsel, WKA/KM/TRR, serve as interim co-lead and liaison counsel, and deny the cross-motion of the Waterline Plaintiffs to have their counsel,

---

[3] *See* http://www.waterlinecompanies.com/services/About/History.aspx.

[4] *See* http://www.waterlinecompanies.com/services/Home.aspx.

[5] To the extent that the Waterline Plaintiffs are resellers, and they seek to act as class representatives, the Waterline Plaintiffs must be prepared to give up any other claims that they may have. *See, e.g., In re OSB Antitrust Litig.*, Master File No. 06-826, 2007 U.S. Dist. LEXIS 56617, at **11-12 (E.D. Pa. Aug. 3, 2007) ("These individuals have thus chosen to pursue one claim -- as end users -- over whatever claim they may have as resellers. Others who are both resellers and end users may choose to bring claims as resellers. Those who have joined the end-user class have made their choice ....").

6

KSG, appointed as lead counsel for the Reseller Class. To the extent that a viable Reseller Class is uncovered, the undersigned is prepared to so advise the Court so that appropriate measures can be taken to protect the interests of all indirect purchasers.

Date: March 9, 2012

Respectfully submitted,

David Kovel, Esquire
Daniel Hume, Esquire
David Bishop, Esquire
KIRBY MCINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone (212) 317-2300
Fax (212) 751-2540
dkovel@kmllp.com
dhume@kmllp.com
dbishop@kmllp.com

*Counsel for Plaintiff, South Huntington Water District*

s/ Lisa J. Rodriguez
Lisa J. Rodriguez, Esquire
TRUJILLO RODRIGUEZ & RICHARDS, LLC
258 Kings Highway, East
Haddonfield, NJ 08033
Telephone (856) 795-9002
Fax (865) 795-9877
Email: lisa@trrlaw.com

*Counsel for Plaintiffs, Yates Constr. Co., Inc. and South Huntington Water District*

Steven A. Asher, Esquire
Mindee J. Reuben, Esquire
Jeremy S. Spiegel, Esquire
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone (215) 545-7200
Fax (215) 545-6535
Email: asher@wka-law.com
       reuben@wka-law.com
       spiegel@wka-law.com

*Counsel for Plaintiff, Yates Constr. Co., Inc.*

Robert C. Cone, Esquire
TUGGLE DUGGINS & MESCHAN, P.A.
100 North Greene Street
Greensboro, NC 27401
Telephone (336) 271-5230
Fax (336)274-6590
Email: RCone@tuggleduggins.com

*Counsel for Plaintiff Yates Constr. Co., Inc.*