RECEIVED
JUN 08 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") INDIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-169 (AET)(LHG) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENTS
AND FOR CREATION OF A FUND TO PAY LITIGATION EXPENSES**

AND NOW, this 8th day of June, 2016, upon consideration of the Motion for Final Approval of the Class Action Settlements and for creation of a Fund to Pay Litigation Expenses and the exhibit thereto, and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23, it is hereby ORDERED that the Motion is GRANTED.

Based on the Court's review of the proposed Settlement Agreements between Indirect Purchaser Plaintiffs ("IPPs") and Defendants SIGMA Corporation and its subsidiary SIGMA Piping Products Corporation (together, "SIGMA"), and Defendant Star Pipe Products Ltd. ("Star"), and the entire record of this case, and having conducted a fairness hearing on the matter, the Court determines as follows:

1. The Court has jurisdiction over the subject matter of this action.

2. Terms used in this Order that are defined in the Settlement Agreements, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreements.

3. The following Settlement Classes, as defined in the Settlement Agreements, which were conditionally certified in the Court's Orders granting preliminary approval of these settlements, are certified for settlement purposes only, as follows:

For the SIGMA Settlement:

(1) All persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who or that purchased DIPF indirectly from any Defendant at any time from January 11, 2008, through June 30, 2011. "Indirectly" means that you must have purchased the DIPF products from someone other than the Defendants. Purchases made directly from a Defendant are not included in this lawsuit; and

(2) All persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who or that purchased Domestic DIPF indirectly from McWane or SIGMA at any time from September 17, 2009, through December 31, 2013. "Indirectly" means that you must have purchased the DIPF products from someone other than the defendant manufacturers. Purchases made directly from a Defendant are not included in this lawsuit.

For the Star Settlement:

All persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin who or that purchased DIPF indirectly from any Defendant at any time from January 11, 2008, through June 30, 2011.

4. The Court finds that the Settlements are entitled to an initial presumption of fairness because the settlement negotiations were undertaken at arm's-length over several months by experienced and well-respected attorneys in the antitrust class action field, and with the assistance of a Court-appointed mediator. Further, the parties conducted substantial discovery, and are knowledgeable about the financial capabilities of the Defendants.

5. The Settlements are fair, reasonable and adequate as the nine *Girsh* factors strongly support approval. See *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975). The Settlement is fair, reasonable and adequate given the complexity, expense, and likely duration of the litigation, the stage of the proceedings, and the costs and risks involved in the litigation for Plaintiffs. Moreover, the likelihood of further recoveries for Plaintiffs is enhanced by the cooperation provided by both SIGMA and Star. The reaction of the Classes has been overwhelmingly positive, with no opt-outs or objections received.

6. The Court finds that the Settlement Classes fully comply with the requirement of Federal Rule of Civil Procedure 23. Specifically, the Court finds: (1) the members of the Settlement Classes are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Classes: (3) the claims or defenses of the representative parties are typical of the claims or defenses of the members of the Settlement Classes; and (4) the representative parties will fairly and adequately protect the interests of the Settlement classes. Additionally, for purposes of settlement, the Court finds that Federal Rule of Civil Procedure 23(b)(3) is also met and that there are questions of law or fact common to class members which predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court makes no determination, in accordance with *In re Warfarin Sodium*

*Antitrust Litig.*, 391 F.3d 516, 527-530 (3d Cir. 2004), concerning the manageability of this action as a class action if the matter were to go to trial.

7. Notice of the Settlement Agreements to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure, including the additional forms of notice as approved by the Court, has been provided in accordance with the Court's orders granting preliminary approval of these Settlements and notice of the Settlements, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B) and due process.

8. Defendants have filed notification of these Settlements with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. SIGMA CAFA Notice (ECF 239) December 14, 2015; Star CAFA Notice (ECF 240) December 22, 2015. No objections or requests for hearings have been made by any federal or state official within 90-days from the date on which Defendant fulfilled its obligations under the CAFA.

9. The Settlement Agreements are finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable and adequate, and the parties are directed to consummate the Settlement Agreements in accordance with their terms.

10. The Court hereby confirms the appointment of Kirby McInerney LLP; Kohn Swift & Graf, P.C.; and Weinstein Kitchenoff & Asher LLC as Settlement Class Counsel for the Indirect Purchaser Plaintiffs in the SIGMA and Star settlements, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

11. The Court appoints TC Construction Co.; Waterline Industries Corporation; Yates Construction Co., Inc.; the City of Hallandale Beach, Florida; the South Huntington Water

District; Wayne County, Michigan: the Village of Woodridge, New York; and Water District No. 1 of Johnson County, Kansas as representatives of the Settlement Class in the SIGMA settlement.

12. The Court appoints TC Construction Co.; Yates Construction Co., Inc.; the City of Hallandale Beach, Florida; the South Huntington Water District; Wayne County, Michigan: and Water District No. 1 of Johnson County, Kansas as representatives of the Settlement Class in the Star settlement.

13. The United States District Court for the District of New Jersey shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreements, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to these Settlement Agreements or the applicability of these Settlement Agreements that cannot be resolved by negotiation and agreement by Plaintiffs and SIGMA or Star. The Settlement Agreements shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles. SIGMA and Star submit to jurisdiction in the District of New Jersey only for the purposes of this Settlement Agreement and the implementation, enforcement and performance thereof. SIGMA and Star otherwise retain all defenses to the Court's exercise of personal jurisdiction over them.

14. As to SIGMA, Star, and other Releasees, any and all class action lawsuits currently pending before this Court by Indirect Purchaser Plaintiffs ("IPPs") and members of the Settlement Classes that are directly related to the subject matter of this litigation are dismissed with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreements, without costs. This dismissal shall not affect, in any way, IPPs' and class members' rights to

pursue claims, if any, outside the scope of the Release set out in the SIGMA and Star Settlement Agreements.

15. The Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in the Settlement Agreements against any Releasee, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located.

16. The Releasors remise, release, forever discharge, and covenant not to sue the Releasees from and for Claims as set forth in the Settlement Agreements.

17. Indirect Purchaser Plaintiffs and their officer, directors, employees, elected officials, or others managing or operating Indirect Purchase Plaintiffs, and counsel are hereby released from any claim by SIGMA, Star and the Releasees relating to the institution or prosecution of this Action.

18. This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Settlement Classes against any non-settling Defendant or persons or entities other than the Releasees, and all rights against any non-Settling Defendant or other non-released person or entity are specifically reserved. The purchases of SIGMA and Star DIPF and the purchases of Domestic DIPF sold through SIGMA to members of the Settlement Classes shall remain in these cases against the non-settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entity other than the Releasees.

19. Neither the SIGMA Settlement Agreement, the Star Settlement Agreement, nor this Order and Final Judgment, nor any other papers relating to the SIGMA and Star Settlement Agreements, nor any negotiations, discussions, or proceedings in connection herewith shall be:

    a. Offered or received against any Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Releasee of the truth of any fact alleged by Indirect Purchaser Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Releasee; or

    b. Offered or received against any Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by an Releasee.

20. The escrow accounts established by the parties are approved as Qualified Settlement Funds pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

21. The Court awards Settlement Class Counsel, out of the Settlement Funds established in the Settlement Agreements and not as an additional award against SIGMA or Star, the sum of __$361,000__ from the SIGMA settlement, and __$98,250__ from the Star settlement, to be deposited into an escrow account and used solely for litigation expenses incurred and litigation expenses to be incurred in the continued prosecution of the case. Expenses paid from this fund are and continue to be subject to review by the Court. Any funds remaining in the escrow account at the end of the case shall be distributed to the members of the class, if feasible.

22. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal forthwith as to the Releasees.

BY THE COURT:

_____
Hon. Anne E. Thompson
United States District Judge

8