Jonathan O. Hafen (Utah Bar No. 6096)
Laura G. Kennedy (Utah Bar No. 7238)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
jhafen@parrbrown.com
lkennedy@parrbrown.com

Attorneys for Non-Party The Distribution Group

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") DIRECT AND INDIRECT PURCHASER ANTITURST LITIGATION | Civ. No. 12-711 (AET)(LHG)<br>Civ. No. 12-169 (AET)(LHG) |

### ) FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO LOCAL CIVIL RULE 5.3 AND ~~PROPOSED~~ ORDER

Pursuant to the Court's *Amended Consent Order Regarding Filing of Omnibus Motion to Seal*, dated February 23, 2017 ("Order"), and L. Civ. R. 5.3(c)(3), non-party The Distribution Group ("TDG") submits to counsel for McWane, Inc. ("McWane"), the filing party, the following proposed findings of fact and conclusions of law to be submitted to the Court, as outlined in the Court's Order.

### FINDINGS OF FACT

1. Through discovery in this case, parties have produced confidential information, public disclosure of which would affect legitimate business interests. To protect the

confidentiality of this information, the requesting parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO") entered by this Court on December 3, 2013.

2. The DCO allows the requesting parties to designate information as "Confidential" or "Subject to Protective Order."

3. Non-party The Distribution Group ("TDG") has been informed by McWane, Inc. ("McWane") that McWane filed under temporary seal in this Lawsuit a transcript ("Transcript") containing testimony offered by TDG's Chairperson, Dennis James Sheley, as a non-party on September 26, 2012 ("Sheley's Testimony"), before the Federal Trade Commission ("FTC") in connection with the matter styled *In the Matter of McWane, Inc. & Star Pipe Products, LTD.* ("FTC Proceeding").

4. Pursuant to an order entered in the FTC Proceeding, part of Sheley's Testimony was given in an *in camera* proceeding in order to protect highly sensitive, confidential, and proprietary information that likely would result in competitive harm to TDG and/or to one or more of its members.

5. The following page and line numbers of the *in camera* proceeding portion of the Transcript contain information regarding market share and/or delivery service operations that is still highly sensitive, confidential, and proprietary information: 3427:22-23; 3428:1-3, 7-10, 11-12; 3429:2, 4-5, 14-15, 19, 22-24; 3430:2, 5-7, 9, 12, 14-15, 17, 19; 3431:2-5, 10, 13, 16-17, 22, 24-25; 3432:3-4, 10, 12-13, 15, 20, 23; 3433:5, 10; 3434:2, 5-6, 10-11, 17; 3435:3.

6. It is likely that public disclosure of the highly sensitive, confidential and proprietary information concerning both market share and delivery service operations contained

in the above-specified page and line numbers of the Transcript would cause devastating competitive harm to TDG and/or one or more of its members in a highly competitive industry.

7. TDG has sought to have only those portions of the *in camera* testimony containing the most highly sensitive, confidential information regarding market share and delivery service operations remain under seal.

8. TDG has requested that the above-specified page and line numbers of the Transcript remain under seal.

9. In support of its request, TDG has submitted the *Declaration of Dennis James Sheley in Support of Motion for Testimony to Remain Sealed* ("Sheley Declaration"), which, among other things, contains an index ("Index") setting forth the page and line numbers TDG requests remain under seal, the designating or filing party (McWane), the legitimate private or public interests which warrant sealing the designated page and line numbers, the clearly identified and serious injury that would result if the designated page and line numbers do not remain sealed, why a less restrictive alternative is not available, and the identity of any party or nonparty known to be objecting to the sealing request.

10. The Sheley Declaration states that the sensitive, confidential, and proprietary information regarding market share and delivery service operations contained in the above-specified page and line numbers, which also are identified in the Index, is closely guarded information and is known only to Mr. Sheley and a select few and highly trusted individuals, is not publicly available, and especially is not available to any competitors of TDG and/or its members.

11. No objection has been made to TDG's request that the above-specified page and line numbers of the Transcript remain under seal.

## CONCLUSIONS OF LAW

12. TDG has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law that the above-specified page and line numbers of the Transcript contain sensitive, confidential, and proprietary information and are entitled to protection.

13. This Court has the power to seal documents and/or portions of documents to prevent the disclosure of sensitive, confidential, and proprietary information to the public.

14. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of (1) the nature of the materials or proceeding at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

15. The information contained in the Sheley Declaration satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the above-specified page and line numbers of the Transcript.

## ORDER

16. It is hereby ORDERED that the following materials be permanently sealed on the record:

September 26, 2012 *in camera* portion of testimony of Dennis James Sheley given before the FTC in the matter titled *In the Matter of McWane, Inc. and Star Pipe Products, Ltd.*, and filed by McWane in the Lawsuit, at: 3427:22-23; 3428:1-3, 7-10, 11-12; 3429:2, 4-5, 14-15, 19,

4


22-24; 3430:2, 5-7, 9, 12, 14-15, 17, 19; 3431:2-5, 10, 13, 16-17, 22, 24-25; 3432:3-4, 10, 12-13, 15, 20, 23; 3433:5, 10; 3434:2, 5-6, 10-11, 17; 3435:3.

DATED this 2ND day of JANUARY, 2018

_____
Honorable Lois H. Goodman, U.S.M.J