R E C E I V E D

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FEB 2 7 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

:

IN RE DUCTILE IRON PIPE FITTINGS     :    Civ. No. 12-169
("DIPF") INDIRECT PURCHASER     :
ANTITRUST LITIGATION     :

    :

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT BETWEEN
## INDIRECT PURCHASER PLAINTIFFS AND
## DEFENDANT McWANE, INC., GRANTING CONDITIONAL
## CLASS CERTIFICATION, AND PROVIDING FOR NOTICE

This **CAUSE** having come before the Court on Indirect Purchaser Plaintiffs'

("Plaintiffs") Motion for Preliminary Approval of Class Action Settlement between

Plaintiffs and Defendant McWane, Inc. ("McWane" or "Defendant"), Conditional

Class Certification, and Approval of Notice ("Motion") in the above-entitled action

("Action"); the Court having reviewed the Motion, the accompanying

memorandum and exhibits, the Settlement Agreement, and the file; hereby

**ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.     All terms used in this Order that are defined in the Settlement

Agreement shall have the same meanings as set forth in the Settlement Agreement

(Exhibit A to Plaintiffs' motion (ECF No. 334-2)), unless otherwise defined herein.

2.     The Court hereby preliminarily approves the Settlement Agreement

and the Settlement set forth therein, including the releases contained therein, as

-1-

being fair, reasonable, and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

3.      For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of:

> All persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Settlement Class States") who or that purchased DIPF indirectly from any Defendant at any time from January 11, 2008, through June 30, 2011 or who or that purchased Domestic DIPF indirectly from McWane or SIGMA at any time from September 17, 2009, through December 31, 2013.

> Excluded from the Settlement Class are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this Action, federal governmental entities, and instrumentalities of the federal government.

4.      Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied as follows:

    (a)    the members of the Settlements Class are so numerous that joinder of all class members is impracticable;

    (b)    the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

    (c)    Named Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent and protect the interests of the Settlement Class Members;

    (d)    There are questions of law and fact common to the Settlement Class which predominate over any individual questions; and

    (e)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    The Court hereby appoints David Kovel of Kirby McInerney LLP; Joseph C. Kohn of Kohn, Swift & Graf, P.C.; and Robert S. Kitchenoff of Weinstein Kitchenoff & Asher LLC as Settlement Class Counsel, having determined that the requirements of Rule 23 (g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.    A hearing (the "Settlement Hearing") shall be held before this Court on June 13 , 2018, at 9:30 a.m., for the following purposes:

    (a)    to determine whether the Court should grant final certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

    (b)    to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement

Agreement is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court;

(c)    to determine whether the order and final judgment of the Settlement Agreement should be entered;

(d)    to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

(e)    to determine whether any application by Interim Co-Lead Counsel for attorneys' fees and/or reimbursement of expenses or for Class Representative service awards should be approved; and

(f)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court approves, as to form and content, the proposed class Notice (the "Notice"), the Summary Notice, and the Claim Form for dissemination, annexed as Exhibits B1, B2 and B3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 10 of this Order meet the requirements of Fed. R. Civ. P. 23, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

-4-

8.     The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶ 10, below but shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted at the Court and on the Court's website.

9.     This civil action was commenced January 2012. The Court directs McWane to notify the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Counsel for McWane shall, at or before the Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10.     To effectuate the Stipulation and the Notice provisions, the Court hereby approves the firm Garden City Group, LLC ("GCG") as the claims administrator ("Claims Administrator"). Under the supervision of Interim Co-Lead Counsel, GCG shall administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within 30 days after the date of the entry of this Order, Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit B-1, to be sent by first-class mail, postage prepaid, to each potential settlement class member whose name and address are known to Settlement Class Counsel (the "Notice

-5-

Date"). A copy of a claim form, substantially in the form attached hereto as Exhibit B-3, will be included.

(b)    As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit B-3. The Publication Notice shall be published one time in the various industry publications specifically selected to target members of the Settlement Classes.

(c)    On or before the Notice Date, Settlement Class Counsel shall cause the Notice to be published on the following website: www.DIPFIndirectSettlement.com. In addition, Settlement Class Counsel shall cause the Publication Notice to be published on the websites of various industry publications, and will cause a press release, in English and Spanish, to be disseminated to press outlets nationwide. A more complete explanation of the media, web, and press notice campaign is contained in the declaration of Lori Castaneda, Vice President of Operations of Garden City Group, LLC, the Court approved legal notice provider (attached as Exhibit C).

(d)    Proof of compliance with the provisions of paragraphs (a), (b), and (c), above, shall be filed prior to the Settlement Hearing and served on all counsel of record; and

11.     In order to be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall complete and submit Proofs of Claim in accordance with the instructions contained therein.   Unless the Court orders otherwise, all Proofs of Claim must be postmarked and filed no later than one hundred twenty (120) calendar days after the entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first class mail and addressed in accordance with the instructions thereon. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Interim Co-Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund is not materially delayed thereby. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court

with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

12.    All Settlement Class Members shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the net Settlement Fund, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class. The Persons who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to McWane in the Action.

13.    Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall mail the request in written form, by first-class mail and postmarked no later than sixty (60) calendar days after the Notice Date to *In re Ductile Iron Pipe Fittings Indirect Purchaser*

*Antitrust Litigation*, EXCLUSIONS, c/o GCG at the address specified in the Notice. The request for exclusion must be signed by such Person or his, her, or its authorized representative and shall include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) all trade names or business names and all addresses the Person or business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the class, or the name of the governmental entity requesting exclusion; and (c) a statement that the Person wishes to be excluded from the McWane Settlement Class in *In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litigation*, No. 12-169 (AET) (D.N.J.). Unless the Court orders otherwise, no request for exclusion shall be valid and effective unless it is made within the time set forth and in the manner described in the Notice. Any Settlement Class member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Settlement Class Member, and shall be deemed by operation of law to have released all Released Claims against the Released Persons if the Settlement becomes effective.

14.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, Named Plaintiffs, Interim Co-Lead Counsel and

Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons.

15.    Any Settlement Class Member who does not request exclusion may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Interim Co-Lead Counsel and counsel for McWane a notice of such appearance no later than twenty-one (21) calendar days before the Settlement Hearing.  If they do not enter an appearance, they will be represented by Interim Co-Lead Counsel.

16.    All papers in support of the Settlement, the Plan of Allocation, and any application by Interim Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses, or for Class Representative service awards shall be filed no later than thirty-five (35) calendar days prior to the Settlement Hearing. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

17.    Any Settlement Class Member who does not timely and properly exclude him, her, or itself from the Settlement Class may appear and show cause, if he, she or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair, reasonable, and adequate, or why Interim Co-Lead Counsel's application for

-10-

an award of attorneys' fees, reimbursement of expenses, and Class Representative

service awards should not be granted; provided, however, that no Settlement Class

Member or any other Person shall be heard or entitled to contest such matters,

unless that Person has delivered by hand, delivery service, or sent by first class

mail written objections and copies of any papers and briefs any such Person wishes

to submit in support of any such objections and proof of membership in the

Settlement Class so that it is received by Interim Co-Lead Counsel and Defendant

McWane's Counsel, not simply postmarked, no later than twenty-one (21) calendar

days before the Settlement Hearing to each of the following:

CLERK, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Joseph C. Kohn
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Robert S. Kitchenoff
WEINSTEIN KITCHENOFF & ASHER LLC
100 South Broad Street, Suite 705
Philadelphia, PA 19110-1061

David Kovel
KIRBY MCINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Joseph A. Ostoyich
BAKER BOTTS LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004

*Counsel for Defendant McWane Inc.*

The written objection must be signed by such Person or his, her, or its authorized representative and shall include (1) the name, address, and telephone number of the Person objecting, (2) proof of your membership in the class, such as invoices showing that the Person is a Settlement Class member; and (3) a statement of the Person's objection and the reason(s) for the objection to he McWane Settlement in *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation,* Civ. No. 12-169 (D.N.J.). Failure to provide such information and documentation shall be grounds to void the objection. Any objector shall be subject to the jurisdiction of the Court and may be deposed by Interim Co-Lead Counsel and/or Defendant's Counsel. Any Person who does not make his, her or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court. Any papers in response to any such objections and/or in further support of the above-noted motions shall be filed no later than seven (7) calendar days before the Settlement Hearing.

-12-

18.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, returned to the Person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

19.     All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement without further order of the Court, up to a limit of $150,000. After the Effective Date, any notice and administration costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Interim Co-Lead Counsel, without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Named Plaintiffs, nor Interim Co-Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to the Stipulation for costs and expenses of providing notice and administration of the Settlement.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

21.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.   The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

22.    The Court reserves the right to enter the Final Judgment approving the Settlement and dismissing the Action with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

23.    Defendants shall not have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of litigation expenses or Class Representative service awards submitted by Interim Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Interim Co-Lead Counsel, and any application for attorneys' fees, reimbursement of litigation expenses, or requests for Class Representative service awards shall be approved.

25.    The Court further approves Settlement Class Counsel's designation of Citibank, N.A. as Escrow Agent.

IT IS SO ORDERED.


DATED: February 27, 2018

HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

# Exhibit B-1

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") INDIRECT PURCHASER ANTITRUST LITIGATION | Civ. No. 12-169 (AET) (LHG) |

**If You *Indirectly* Purchased Ductile Iron Pipe Fittings Between January 11, 2008
and December 31, 2013, You Could Be Affected by a Proposed Class Action Settlement**

*A federal court authorized this Notice. This is not a solicitation from a lawyer or a claims filing service.*

There is a proposed settlement with Defendant McWane, Inc. and its divisions, Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (together, "McWane") totaling $1,425,000, in a class action lawsuit called *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, which is pending in the United States District Court for the District of New Jersey.

- Under the proposed McWane Settlement, McWane has agreed to pay $1,425,000 in cash into a Settlement Fund. McWane has asserted a number of defenses to Plaintiffs' claims and denies all wrongdoing. Both Plaintiffs and McWane settled to avoid the cost and risk of a trial. The McWane Settlement is subject to possible rescission under paragraphs 43-46 of the Settlement Agreement.

- The McWane Settlement pertains to a class action lawsuit brought on behalf of indirect purchasers. An *indirect purchase* is a purchase of DIPF from someone other than the Defendants, such as a distributor or other middleman. There are two other lawsuits brought by other plaintiffs that are also pending in the same Court, one brought on behalf of direct purchasers, and the other brought by the State of Indiana. The direct purchaser plaintiffs and the State of Indiana have each reached separate settlement agreements with McWane. This Notice explains only the settlement of claims against McWane by indirect purchasers of DIPF, as well as a Plan of Allocation of the Settlement Fund and Class Counsel's Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives.

- "Ductile Iron Pipe Fittings" or "DIPF," as those terms are used in these settlements, refers to fittings used to join, among other products, iron and plastic pipes, valves, and hydrants within water systems as well as to change, divide, or direct the flow of water. DIPF includes both Domestic DIPF and DIPF produced abroad. "Domestic DIPF," as that term is used in these settlements, means DIPF that is produced by McWane in the United States and is used in pressurized water and wastewater projects in the United States with domestic-only preferences or specifications.

- Plaintiffs claim that from at least as early as January 11, 2008, through at least as late as June 30, 2011, Defendants engaged in a conspiracy to fix prices for DIPF in the United States in violation of state antitrust and consumer protection laws. Plaintiffs also claim that from at least as early as September 17, 2009, through December 31, 2013, Defendant McWane illegally monopolized, and Defendants SIGMA and McWane conspired to restrain trade in and monopolize the market for Domestic DIPF in the United States in violation of antitrust and consumer protection laws. Plaintiffs allege they and the members of the settlement class paid more for DIPF and Domestic DIPF than they otherwise would have paid absent Defendants' anticompetitive conduct. McWane and the other Defendants deny all of Plaintiffs' claims and have asserted various defenses. The Court has not made any decision as to the merits of the Plaintiffs' allegations.

- There have been two previous settlements totaling $2,646,250 with Defendants SIGMA and Star that have been approved by the Court. Approval of the proposed McWane Settlement by the Court will end this lawsuit.

- **Your legal rights will be affected whether or not you act.** Please read the entire Notice carefully.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

| Your Legal Rights and Options | | |
|---|---|---|
| **You May:** | | **Due Date** |
| **Do Nothing** | You do not have to take any action to remain part of the Settlement Class. (See Question 23).  You will give up your right to sue McWane for the claims alleged in this lawsuit (See Question 12) but will receive a payment **only** if you file a claim (See Question 9). | |
| **Submit A Claim Form** | If you wish to make a claim against the Settlement Fund, and you did not previously file a Claim Form in connection with SIGMA Settlement or Star Settlement, you will need to file a Claim Form in order to receive money from the Settlement Fund. (See Question 9). | _____, 2018 |
| **Go To The Hearing:** | Ask the Court for permission to speak about the fairness of the McWane Settlement, the Plan of Allocation, or the Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. (See Question 22). | _____, 2018 at _____ |
| **Object:** | Write to the Court about why you don't like the McWane Settlement, Plan of Allocation, or the Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. (See Question 18). | _____, 2018 |
| **Exclude Yourself:** | Get no payment from the McWane Settlement (See Question 13) and retain the right to sue McWane on your own. | _____, 2018 |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

## What This Notice Contains

**Basic Information** ..................................................................................................... **Page 4**
  1. Why Did I Get This Notice? ...................................................................... Page 4

  2. What Is This Lawsuit About? .................................................................... Page 4

  3. Who Are The Defendants? ......................................................................... Page 4

  4. Why Is This A Class Action? ................................................................... Page 5

  5. Why Is There A Proposed Settlement With McWane? .............................. Page 5

**Who Is Affected By The McWane Settlement** ............................................... **Page 5**
  6. How Do I Know If I Am Part Of The McWane Settlement? ....................... Page 5

  7. I'm Still Not Sure If I Am Included ........................................................... Page 6

**The Benefits Of The McWane Settlement** ...................................................... **Page 6**
  8. What Does The McWane Settlement Provide? ........................................... Page 6

  9. How Do I Get A Payment? ....................................................................... Page 6

 10. How Much Will My Payment Be? .............................................................. Page 7

 11. When Will I Receive A Payment? ............................................................. Page 8

 12. What Am I Giving Up To Get A Payment Or Stay In The Settlement? .......... Page 8

**Excluding Yourself From The McWane Settlement** .................................... **Page 8**
 13. How Do I Get Out Of The McWane Settlement? ...................................... Page 8

 14. Can I Remain Part Of The Settlement Class If I Excluded Myself From The Prior Settlements? .... Page 9

 15. If I Exclude Myself, Can I Receive Money From The McWane Settlement? ............... Page 9

 16. Do I Have A Lawyer In This Case? .......................................................... Page 9

 17. How Will The Lawyers Be Paid? ............................................................. Page 10

 18. How Do I Tell The Court I Don't Like The McWane Settlement, The Plan
    Of Allocation, Or The Request For Attorneys' Fees, Expenses, and Service Awards? ............ Page 10

 19. What Is The Difference Between Objecting And Excluding Myself? ............ Page 11

**The Court's Fairness Hearing** ..................................................................... **Page 11**
 20. When And Where Will The Court Decide Whether To Approve The McWane Settlement? ......... Page 11

 21. Do I Have To Come To The Hearing? ....................................................... Page 12

 22. May I Speak At The Hearing? .................................................................. Page 12

**If You Do Nothing** ....................................................................................... **Page 13**
 23. What Happens If I Do Nothing At All? ..................................................... Page 13

**Getting More Information** ............................................................................ **Page 13**
 24. Are There More Details About The McWane Settlement? ........................... Page 13

 25. How Do I Get More Information? .............................................................. Page 13

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

## Basic Information

### 1. Why Did I Get This Notice?

If you or your company or non-federal governmental entity purchased DIPF originally made or sold by one of the Defendants during the period from and including January 11, 2008, up to and including December 31, 2013, from someone other than one of the Defendants, you are what is known as an indirect purchaser. The proposed McWane Settlement explained in this Notice will, if approved by the Court, resolve the below-described claims of indirect purchasers against McWane, and end this lawsuit.

The Court has directed that this Notice be sent to you because, as a possible member of the settlement class, you have the right to know about the McWane Settlement in this class action lawsuit and about all your options before the Court decides whether to approve the McWane Settlement. The Court supervising the case is the United States District Court for the District of New Jersey. The case is called *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169. The people who sued are the plaintiffs, and the companies they sued are called defendants.

This Notice explains the lawsuit, the McWane Settlement, Plan of Allocation of the Settlement Fund, and Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, and your legal rights concerning each.

### 2. What Is This Lawsuit About?

The lawsuit alleges that (i) Defendants entered into price-fixing agreements in the market for DIPF in the United States in violation of antitrust and consumer protection laws, (ii) McWane monopolized the market for Domestic DIPF in the United States in violation of antitrust and consumer protection laws, and (iii) SIGMA and McWane conspired to restrain trade and to monopolize the alleged market for Domestic DIPF in the United States in violation of antitrust and consumer protection laws. The lawsuit claims that, as a result, Plaintiffs paid more for DIPF and Domestic DIPF sold by the Defendants than they otherwise would have paid. Defendants have denied all these claims, deny any wrongdoing, and have asserted various defenses to the claims. The Court has not made any decision as to the merits of the Plaintiffs' allegations.

### 3. Who Are The Defendants?

The Defendants are: McWane, Inc. (and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union), SIGMA Corporation, SIGMA Piping Products Corporation and Star Pipe Products, Ltd. The SIGMA and Star Defendants have already settled with Plaintiffs. The Court approved the SIGMA and Star Settlements on June 8, 2016. McWane is the only Defendant left in the case.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

## 4.   Why Is This A Class Action?

In a class action, one or more individuals or entities, called class representatives, sue on behalf of others who have similar claims. The class representatives in this case are TC Construction Co. Inc.; Waterline Industries Corporation; Waterline Services, LLC; Yates Construction Co., Inc.; City of Hallandale Beach, Florida; Wayne County, Michigan; South Huntington, New York Water District; Water District No. 1 of Johnson County, Kansas; and Village of Woodridge, New York. The class representatives and the individuals or entities with similar claims are referred to as class members. Together they comprise a class. One court resolves the issues for all class members, except for those who exclude themselves from the class. U.S. District Judge Anne E. Thompson is in charge of this class action.

## 5.   Why Is There A Proposed Settlement With McWane?

McWane has denied all liability and wrongdoing in this case and has asserted various defenses to the Plaintiffs' claims. The Court did not decide in favor of the Plaintiffs or McWane. Instead both sides agreed to the McWane Settlement to avoid the cost and risk of a trial, and to ensure that affected class members get compensation. The Class Representatives and Class Counsel think the McWane Settlement is the best result for all class members.

Plaintiffs have already settled with SIGMA and Star for a combined $2,646,250, and these settlements have been approved by the Court. If the McWane Settlement is also approved, the total amount of the Settlements will be $4,071,250, and the DIPF indirect purchaser litigation will be over.

### Who Is Affected By The McWane Settlement

To see if you are affected by the McWane Settlement, you first have to determine if you are a class member.

## 6.   How Do I Know If I Am Part Of The McWane Settlement?

For purposes of the McWane Settlement, the Settlement Class means:

> All persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Settlement Class States") who or that purchased DIPF indirectly from any Defendant at any time from January 11, 2008, through June 30, 2011 or who or that purchased Domestic DIPF indirectly from McWane or SIGMA at any time from September 17, 2009, through December 31, 2013. Excluded from the Settlement Class are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this Action, federal governmental entities, and instrumentalities of the federal government.

As used in these class definitions:

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

"Indirectly" means that you must have purchased the DIPF products from someone other than the Defendants; for example, from a distributor. Purchases made directly from a Defendant are not included in this lawsuit.

"DIPF" refers to ductile iron pipe fittings. Ductile iron pipe fittings are used to join, among other products, iron and plastic pipes, valves, and hydrants within water systems as well as to change, divide, or direct the flow of water. DIPF includes both Domestic DIPF and DIPF produced abroad.

"Domestic DIPF" refers to DIPF that is produced by McWane in the United States and is used in pressurized water and wastewater projects in the United States with domestic-only preferences or specifications.

Included in the McWane Settlement Class are indirect purchasers in the Settlement Class States, which encompasses non-federal governmental entities, including but not limited to municipalities and water districts and authorities, in the Settlement Class States set forth in the class definition above.

Excluded from the McWane Settlement Class are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this action, federal governmental entities, and instrumentalities of the federal government.

## 7. I'm Still Not Sure If I Am Included

If you are still not sure if you are a class member, you can ask for free help. See Question 25 below.

### The Benefits Of The McWane Settlement

## 8. What Does The McWane Settlement Provide?

McWane has agreed to pay $1,425,000 in cash ("the Settlement Fund") into an escrow account to resolve the claims of the Settlement Class. Up to $150,000 of the Settlement Fund may be used to pay for notice and administration costs. The McWane Settlement is subject to possible rescission under paragraphs 43-46 of the Settlement Agreement. More details are set forth in the Settlement Agreement, which has been filed with the Court and may be viewed at www.DIPFIndirectSettlement.com.

## 9. How Do I Get A Payment?

If you are a McWane Settlement class member and do not exclude yourself from the McWane Settlement, you may be eligible to receive a payment. To qualify for a payment, you must send in a Claim Form. If you previously submitted a Claim Form in response to the notice of the SIGMA and Star Settlements, unless you want to supplement your claim with additional purchases, you do not need to send in another Claim Form in order to participate in the McWane Settlement. If you did not

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

6

send in a Claim Form already and wish to do so, a Claim Form is enclosed with this Notice.

Please read the instructions carefully. You must fill out the form and include all the information the form requests. Be sure to sign it, and mail it so that it is postmarked no later than _____, 2018 to the address below.

DIPF Indirect Purchaser Antitrust Litigation c/o GCG

P.O. Box 10251

Dublin, OH 43017-5751

If the Court approves the Settlement (see "The Court's Fairness Hearing" below), and after the claim forms are processed by the Claims Administrator and the Court has authorized distribution, payments from the McWane Settlement Fund will be distributed to class members who submit valid claims. In the interim you should maintain all of your records of purchases of DIPF during the period January 11, 2008 through December 31, 2013.

You may be contacted by companies that offer to fill out and file your claim in return for a percentage of the value of your claim. The Court has not authorized any of these companies to contact you. The claims process is not complicated and was designed to be completed by you without assistance. Before you sign a contract with one of these companies, you should examine the claim-filing process provided here and decide whether having someone file your claim for you is worth the cost. You can always seek help free of charge from the Claims Administrator or Class Counsel.

## 10. How Much Will My Payment Be?

Class Counsel has proposed a Plan of Allocation describing the division of the McWane Settlement Fund and the funds from the SIGMA and Star settlements. Under the Plan of Allocation, and with the Court's specific approval, Class Counsel will deduct attorneys' fees, expenses, and service awards to the class representatives from the combined amount of the McWane Settlement Fund and the funds from the SIGMA and Star settlements. The remaining amounts (the "Net Settlement Fund") will be distributed to class members that submit valid and timely claims.

The Net Settlement Fund will be distributed on a pro rata basis among all members of the class who submit valid and timely claim forms for purchases of DIPF from January 11, 2008 through June 30, 2011 that was originally sold by SIGMA, McWane, or Star, and for purchases of Domestic DIPF from September 17, 2009 through December 31, 2013 that was originally sold by SIGMA or McWane. In other words, each class member shall be paid a percentage of the Net Settlement Fund that each class member's recognized claim bears to the total of all recognized claims submitted by all class members who file valid claims.

As further described below, if a class member excludes itself from the McWane Settlement Class, it will not be able to share in the distribution from the McWane Settlement Fund. If a class member has excluded itself from either the SIGMA or Star settlement class, it will not share in a distribution of funds from the class from which it excluded itself.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

7

## 11. When Will I Receive A Payment?

The Net Settlement Fund will be distributed to class members after the McWane settlement becomes final, the claim forms are processed by the Claims Administrator, and the Court has authorized distribution.

## 12. What Am I Giving Up To Get A Payment Or Stay In The Settlement?

Unless you exclude yourself from the McWane Settlement, you are staying in the Settlement, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against McWane about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

In exchange for the payment of $1,425,000 in cash, the Settlement Agreement provides that there will be a release of claims against McWane and the Releasees (as defined in ¶15 of the McWane Settlement Agreement). The McWane Settlement Agreement, however, does not release any Claims relating to purchases of DIPF made directly from McWane, any claims based upon purchases of DIPF brought by the State of Indiana, or claims relating to DIPF arising in the ordinary course of business for any product defect, product performance, or breach of warranty or for breach of contract based on product defect, product performance, or warranty, relating to DIPF. The Settlement Agreement with McWane provides the specific and full terms of the releases as to McWane and the Releasees, but broadly the Agreement completely releases, acquits, and forever discharges McWane and the Releasees from any and all claims arising at any time prior to the effective date of the Settlement Agreement under antitrust, unfair competition, or similar laws relating to conduct alleged in the lawsuit against McWane with respect to DIPF.

The McWane Settlement Agreement, which is available at www.DIPFIndirectSettlement.com, more fully describes the legal claims that you give up if you stay in the class.

### Excluding Yourself From The McWane Settlement

## 13. How Do I Get Out Of The McWane Settlement?

If you want to keep the right to sue or continue to sue McWane on your own about the legal issues being resolved in this case, then you must take steps to get out of the McWane Settlement. This is called excluding yourself—or sometimes referred to as "opting out." If you opt out of the McWane Settlement, you will not receive any payment from the McWane Settlement Fund and you will not be able to object to the McWane Settlement.

To exclude yourself from the McWane Settlement, you must send a letter saying that you want to be excluded from the settlement. The letter must include the following information:

- A statement indicating that you want to be excluded from the McWane Settlement.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

- The case name: *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169 (D.N.J.).

- Your name, address, telephone number, and signature.

- All trade names or business names and all addresses you or your business have used, as well as any subsidiaries or affiliates who are requesting to be excluded from the class, or the name of the governmental entity requesting exclusion.

Your letter must be postmarked by _____, 2018 and sent to:

DIPF Indirect Purchaser Antitrust Litigation c/o GCG
P.O. Box 10251
Dublin, OH 43017-5751

If you ask to be excluded from the McWane Settlement, you will not get any payment from the McWane Settlement Fund and you cannot object to the McWane Settlement, or the Plan of Allocation. However, even if you opt-out of the McWane settlement, if you are in either the SIGMA or Star Settlement Class you can object to the Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives.

If the McWane Settlement is approved by the Court, you give up any right to sue McWane for the claims that the McWane Settlement resolves. If you have a pending lawsuit against McWane involving the same legal issues in this case, speak to your lawyer in that case immediately. (You must exclude yourself from the class in order to continue your own lawsuit against McWane.)

## 14. Can I Remain Part Of The Settlement Class If I Excluded Myself From The Prior Settlements?

Yes. The McWane Settlement is separate from the SIGMA and Star Settlements that were previously approved. Even if you excluded yourself from the SIGMA Settlement or the Star Settlement, or both, you will need to decide separately whether to exclude yourself from the McWane Settlement or remain in it.

## 15. If I Exclude Myself, Can I Receive Money From The McWane Settlement?

No. If you decide to exclude yourself from the McWane Settlement, you will not be able to receive money from the McWane Settlement.

## 16. Do I Have A Lawyer In This Case?

Yes. The Court has appointed Joseph C. Kohn of Kohn Swift & Graf, P.C.; Robert S. Kitchenoff of Weinstein Kitchenoff & Asher LLC; and David Kovel of Kirby McInerney, LLP ("Class Counsel") to represent the class on an interim basis, and for purposes of the McWane Settlement. If you want to be represented by your own lawyer and have that lawyer appear in court for you concerning the McWane

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

9

Settlement, you may hire one at your own expense.

## 17. How Will The Lawyers Be Paid?

You are not personally responsible for payment of attorneys' fees or expenses for Class Counsel. Class Counsel for the indirect purchasers will ask the Court for an award of attorneys' fees of up to 1/3 (33.33%) of the total McWane, SIGMA, and Star Settlement Funds of $4,071,250 and for reimbursement of litigation expenses. In addition, Class Counsel will ask the Court to approve service awards of $15,000 to each of the eight Class Representatives for their services representing the classes. All awards of attorneys' fees, reimbursement of expenses, and service awards will be paid from the total Settlement Fund after the Court approves them.

## 18. How Do I Tell The Court I Don't Like The McWane Settlement, Or The Plan Of Allocation Or The Request for Attorneys' Fees, Expenses, And Service Awards?

You can object to the McWane Settlement if you are a class member and have not opted out of the McWane Settlement. You can object if you do not like any part the McWane Settlement, or if you disagree with the Plan of Allocation or any part of Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. You should give reasons for your objections. The Court will consider your views, but the McWane Settlement may still be approved if the Court finds it to be fair, reasonable, and adequate.

If you are in either the SIGMA or Star class, you can object to the Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives.

To object, you must send a letter to the Court that includes the following:

- A statement indicating that you object to the McWane Settlement, or the Plan of Allocation or any part of Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives, in *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169 (D.N.J.).

- Your name, address, telephone number, and your signature.

- A statement of your objection and the reason(s) why you object.

- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

You must mail the objection to the Court at the following address, postmarked by _____, 2018:

Clerk of Court
United States District Court
for the District of New Jersey
402 East State Street

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

Trenton, NJ 08608

You must also mail copies of the objections to the following attorneys postmarked by _____, 2018:

| Counsel for the Indirect Purchaser Plaintiffs and the Settlement Class | | |
|---|---|---|
| Joseph C. Kohn<br>KOHN SWIFT & GRAF, P.C.<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | Robert S. Kitchenoff<br>WEINSTEIN KITCHENOFF<br>& ASHER LLC<br>100 S. Broad Street, Suite 705<br>Philadelphia, PA 19110 | David Kovel<br>KIRBY MCINERNEY LLP<br>825 Third Avenue<br>16th Floor<br>New York, NY 10022 |
| Counsel for McWane, Inc. | | |
| Joseph A. Ostoyich<br>BAKER BOTTS LLP<br>1299 Pennsylvania Ave. NW<br>Washington, DC 20004 | | |

## 19. What Is The Difference Between Objecting And Excluding Myself?

Objecting is simply telling the Court that you do not like something about the McWane Settlement, or about the Plan of Allocation, or about Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. You can object to the McWane Settlement only if you stay in the Settlement. Excluding yourself, or opting out, means that you are removing yourself from the settlement and will have no right to receive proceeds from the McWane Settlement Fund. If you exclude yourself from the McWane Settlement, you also have no right to object as to the McWane Settlement because that Settlement no longer affects you.

### The Court's Fairness Hearing

The Court will hold a Fairness Hearing to decide whether to approve the McWane Settlement, the Plan of Allocation, or Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. You may, but need not, attend the hearing. If you do attend you may ask the Court's permission to speak (see Question 22 for instructions), but you do not have to speak at the hearing even if you do attend.

## 20. When And Where Will The Court Decide Whether To Approve The McWane Settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2018, at the United States District Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608. The hearing may be moved to a different date or time without additional notice, so you should check the settlement website www.DIPFIndirectSettlement.com before making travel plans. At the Fairness Hearing, the Court will consider whether the McWane Settlement is fair, reasonable, and adequate and whether to approve the

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

Plan of Allocation and Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. Judge Thompson will listen to class members who have asked to speak at the hearing. If there are objections or comments, the Court will consider them at this time.

After the hearing, the Court will decide whether to approve the McWane Settlement, the Plan of Allocation, and Class Counsel's Request for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives. There is no set time frame within which the Court must make its decision.

## 21. Do I Have To Come To The Hearing?

No. Class Counsel will be prepared to answer any questions the Court may have at the hearing. However, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to court to explain. As long as you mailed your written objection on time as set out in this Notice, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

## 22. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you wish to do so, you should send a letter stating the following:

- "Notice of Intention to Appear in *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169 (D.N.J.)."

- The position you will take and your reasons.

- Your name, address, telephone number, and signature.

- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must be mailed to the Court at the following address postmarked by _____, 2018:

Clerk of Court
United States District Court for
the District of New Jersey
402 East State Street
Trenton, NJ 08608

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 18 above, no later than _____, 2018.

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

### If You Do Nothing

**23. What Happens If I Do Nothing At All?**

If you do nothing, you will remain in the class for the McWane Settlement. If you remain in the class and you have not already sent in a claim form, to qualify for a payment you must send in a Claim Form, which is enclosed with this Notice. See the discussion under Question 9 above for further information. If you do not timely complete and return a Claim Form you will not receive any payment in the Settlement.

### Getting More Information

**24. Are There More Details About The McWane Settlement, The Plan Of Allocation, Or The Request for Attorneys' Fees, Expenses, And Service Awards?**

This Notice summarizes the McWane Settlement. More details are in the McWane Settlement Agreement. You can get copies of the Settlement Agreement at www.DIPFIndirectSettlement.com.

Class counsel will file a motion for final approval of the McWane Settlement, the Plan of Allocation and the Request for Attorneys' Fees, Expenses, and Service Awards, which will contain additional information. These papers are currently due to be filed by _____, 2018 and will be available at www.DIPFIndirectSettlement.com.

**25. How Do I Get More Information?**

If you have questions or want more information, you may visit the official settlement website at www.DIPFIndirectSettlement.com, contact the Claims Administrator toll-free at 1 (855) 907-3111, or write to any of the following counsel for Plaintiffs:

| Joseph C. Kohn | Robert S. Kitchenoff | David Kovel |
|---|---|---|
| KOHN SWIFT & GRAF, P.C. | WEINSTEIN KITCHENOFF | KIRBY MCINERNEY LLP |
| One South Broad Street | & ASHER LLC | 825 Third Avenue |
| Suite 2100 | 100 S. Broad Street Suite 705 | 16th Floor |
| Philadelphia, PA 19107 | Philadelphia, PA 19110 | New York, NY 10022 |

DATED: _____, 2018        BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Questions? Call Toll Free 1(855) 907-3111 Or Visit www.DIPFIndirectSettlement.com

# Exhibit B-2

**If You Indirectly Purchased Ductile Iron Pipe Fittings between January 11, 2008, and December 31, 2013, You Could Be Affected by a Proposed Class Action Settlement**

*Please read the entire Notice carefully, as this Settlement may affect your rights.*

### What Is This Lawsuit About?

Plaintiffs – indirect purchasers of Ductile Iron Pipe Fittings ("DIPF") between January 11, 2008 and December 31, 2013 – filed a class action lawsuit against Defendants – McWane, Inc., SIGMA Corporation, and Star Pipe Products, Ltd. – claiming that they paid more for DIPF and Domestic DIPF sold by Defendants than they should have because of Defendants' alleged violations of federal and state antitrust laws and state consumer protection laws. In a class action, one or more persons or entities brings a lawsuit on behalf of everyone harmed in the same way by Defendants' conduct. An *indirect purchase* is a purchase of DIPF from someone other than the Defendants, such as a distributor or other middleman. Purchases of DIPF made *directly* from one or more of the Defendants are not part of this lawsuit. A more complete description of the claims alleged in the lawsuit can be found at www. DIPFIndirectSettlement.com.

### Why Is There a Proposed Settlement With McWane?

Plaintiffs and McWane agreed to the settlement to avoid the cost and risk of a trial. McWane has denied all liability and wrongdoing in this case and has asserted various defenses to Plaintiffs' claims. The Court has not decided in favor of the Plaintiffs or McWane.

### What Does The Settlement Provide and How Do I Get A Payment?

Under the Settlement, McWane has agreed to pay $1,425,000 in cash into a Settlement Fund (the "McWane Settlement Fund"). Plaintiffs and class counsel think the McWane Settlement is an excellent result for the members of the class. Plaintiffs have already settled with SIGMA and Star for a combined total of $2,646,250, and those settlements have been approved by the Court. If the McWane Settlement is also approved by the Court, the settlements will total $4,071,250, and the DIPF indirect purchaser litigation will be over.

If you are a class member and do not exclude yourself from the M c W a n e Settlement, you may be eligible to receive a payment from the McWane Settlement Fund.    To participate in the M c W a n e Settlement, you must submit a valid claim form, available at www.DIPFIndirectSettlement.com. Be sure to sign the claim form and mail it no later than _____, 2018 to DIPF Indirect Purchaser Antitrust Litigation, c/o GCG, P.O. Box_____, Dublin, OH 43017-5751. If the Court approves the Settlement, payments from the McWane Settlement Fund will be distributed to c l a s s members who submit valid and timely claims. If you have already submitted a valid Claim Form in connection with the SIGMA and Star settlements you do not have to submit another one to receive a payment from the McWane Settlement Fund.

### Am I a Class Member?

The Settlement class includes all persons or entities that reside or have a place of business in the States of Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Settlement Class States") who or that purchased DIPF indirectly from any Defendant at any time from January 11, 2008, through June 30, 2011 or who or that purchased Domestic DIPF indirectly from McWane or SIGMA at any time from September 17, 2009, through December 31, 2013. Excluded from the Settlement Class are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this Action,

federal governmental entities, and instrumentalities of the federal government.

"Domestic DIPF" means DIPF that is produced by McWane in the United States and is used in pressurized water and wastewater projects in the United States with domestic-only preferences or specifications. McWane Domestic DIPF was also sold by SIGMA.

### Can I Exclude Myself?

If you want to keep the right to sue McWane about the legal issues in this case, then you must exclude yourself from the McWane Settlement Class. **If you exclude yourself from the McWane Settlement Class, you will not get any payment from the McWane Settlement Fund.** To exclude yourself, you must send a letter saying that you want to be excluded. Important instructions about how to exclude yourself can be obtained from www.DIPFIndirectSettlement.com. **Your letter must be postmarked by _____, 2018.**

### How Do I Object?

You may object to any aspect of the McWane Settlement if you are a class member and have not excluded yourself. If you are in either the McWane, SIGMA or Star Settlement Class, you can object to the requests for attorneys' fees, reimbursement of expenses and service awards for the class representatives (see below). To object, you must send a letter to the Court. Instructions about how to object may be obtained from www.DIPFIndirectSettlement.com. **Your letter must be postmarked by _____, 2018.**

### What If I Do Nothing?

If you do nothing, you will remain in the McWane Settlement class, your claims against McWane will be extinguished, and you will **not** receive a payment from the Settlement Fund. **To receive a payment, you must send in a valid and timely Claim Form.**

### Who Represents Me?

The Court has appointed Joseph C. Kohn of Kohn Swift & Graf, P.C.; Robert S. Kitchenoff of Weinstein Kitchenoff & Asher LLC; and David Kovel of Kirby McInerney, LLP ("Class Counsel") to represent the Settlement Class for purposes of the McWane Settlement. If you want to be represented by your own lawyer concerning the McWane Settlement, you may hire one at your own expense.

### How Will the Lawyers Be Paid?

The lawyers for the indirect purchasers will ask the Court to approve an award of attorneys' fees of up to 1/3 (33.33%) of the total SIGMA, Star, and McWane Settlement Funds of $4,071,250. The lawyers have not previously asked the Court to approve an award of attorneys' fees. The lawyers will also ask the Court for reimbursement of expenses incurred in the prosecution of the lawsuit. The lawyers will also seek service awards in the amount of $15,000 for each of the eight class representatives. All awards of attorneys' fees, reimbursement of expenses, and service awards will be paid from the total Settlement Fund after the Court approves them. The request for attorneys' fees, reimbursement of expenses, and service awards will be available for viewing on the website below once it is filed with the Court.

### When Will The Judge Decide?

The Court will hold a fairness hearing at _____ .m. on _____, 2018, at the United States District Court for the District of New Jer-

Case 3:12-cv-00169-AET-LHG   Document 335   Filed 02/27/18   Page 32 of 40 PageID: 5323

sey, 402 East State Street, Trenton, NJ 08608. If there are objections, the Court will consider them at this time. You may appear at the hearing, but you are not required to do so. The hearing may be moved to a different date or time without notice. You should check the Settlement Website below for updates.

**This Notice is only a summary. For more information visit www.DIPFIndirectSettlement.com**

# Exhibit B-3

**Exhibit B-3**

```
┌─────────────────────┐
│  ■                  │
│   MUST BE           │
│  POSTMARKED ON      │
│   OR BEFORE         │
│  _____, 2018      │
│                     │
└─────────────────────┘
```

(Indirect Purchasers)
c/o GCG
P.O. Box 10251
Dublin, OH 43017-5751
Toll-Free: 1 (855) 907-3111
www.DIPFIndirectSettlement.com

| **REQUIRED ADDRESS INFORMATION OR CORRECTIONS** |
|---|
| If the pre-printed address to the left is incorrect or out of date, OR if there is no pre-printed data to the left, **YOU MUST** provide your current name and address here: |
| **Name:** |
| **Address:** |
| **City/State/ZIP:** |

## CLAIM FORM FOR SETTLEMENT WITH DEFENDANTS MCWANE, SIGMA, AND STAR

If you believe you qualify as a class member, as defined below, you must submit a timely and valid Settlement Claim Form ("Claim Form") by first-class mail postmarked by ▓▓▓▓▓, 2018, to the address below for you to receive any payment as a result of the Settlement with McWane, Inc. and its divisions, Clow Water Systems Co., Tyler Pipe Company, and Tyler Union (together, "McWane") in the lawsuit *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, or, if you did not submit a Claim Form earlier, from the settlements with SIGMA Corporation, SIGMA Piping Products Corporation, and Star Pipe Products, Ltd.

DIPF Indirect Purchaser Antitrust Litigation
(Indirect Purchasers)
c/o GCG
P.O. Box 10251
Dublin, OH 43017-5751

## GENERAL INSTRUCTIONS

This Claim Form relates to the proposed Settlement with McWane, the last remaining defendant in *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169 (AET)(LHG), pending in the United States District Court for the District of New Jersey. **If you previously submitted a valid claim form in connection with the earlier SIGMA Settlement or Star Settlement in this case, you do not need to submit another Claim Form to participate in the McWane Settlement. If you did not submit a Claim Form in connection with the prior settlements you may submit one before the deadline set forth above.**

The **McWane Settlement class, like the SIGMA and Star settlements,** has two components: (1) all persons or entities that purchased DIPF indirectly from any Defendant in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Settlement Class States") at any time from January 11, 2008, through June 30, 2011, and (2) all persons or entities that that purchased Domestic DIPF indirectly from McWane or SIGMA in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin (the "Settlement Class States") at any time from September 17, 2009, through December 31, 2013.

"DIPF" refers to ductile iron pipe fittings. Ductile iron pipe fittings are used to join, among other products, iron and plastic pipes, valves, and hydrants within water systems as well as to change, divide, or direct the flow of water. DIPF includes both Domestic DIPF and DIPF produced abroad.

"Domestic DIPF" refers to DIPF that is produced by McWane in the United States and is used in pressurized water and wastewater projects in the United States with domestic-only preferences or specifications.

Included in the McWane Settlement Class are indirect purchasers in the Settlement Class States, which encompasses non-federal governmental entities, including but not limited to municipalities and water districts and authorities, in the Settlement Class States set forth in the class definition above.

Excluded from the McWane Settlement Class are Defendants and their parents, subsidiaries and affiliates, whether or not named as a Defendant in this action, federal governmental entities, and instrumentalities of the federal government.

Please fill out this form completely and accurately. Do **not** file a claim if you are a direct purchaser, as defined below.

Please also note there are specialized companies that may offer to fill out and file your claim in return for a percentage of the value of your claim. The Court has not authorized any of these companies to contact you. Before you sign a contract with one of these companies, you should examine the claim filing process provided in the accompanying

QUESTIONS? CALL TOLL-FREE 1 (855) 907-3111

**To view GCG's Privacy Notice, please visit www.GardenCityGroup.com/privacy**

Notice and decide whether using a specialized company is worth the cost. You can always seek help from the Claims Administrator or Class Counsel without charge.

**If you opted out of the SIGMA Settlement or the Star Settlement (or both), you may still submit a Claim Form for the the McWane Settlement. However, if you opted out of the McWane Settlement, you should not submit a claim. By opting out of the McWane Settlement, you have chosen not to be part of the McWane Settlement. If you did not opt-out of the SIGMA or Star settlements, but did not submit a Claim Form, you may do so at this time.**

## SECTION A: CLAIMANT INFORMATION

**Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Name of the person you would like the Claims Administrator to contact regarding this claim**
(if different from the Claimant Name(s) listed above):

**CURRENT CONTACT INFORMATION:**
The Claims Administrator will use this information for all communications relevant to this claim (including the check, if eligible for payment).

**Street Address:**

**City:**                                  **State:**      **ZIP:**

**Daytime Telephone Number:**                              **Evening Telephone Number:**

**Email Address:**

By providing your email contact information, you are hereby consenting to communications from the Claims Administrator via email.

**ADDITIONAL NAME AND ADDRESS INFORMATION:**
Please provide any other company names and billing addresses linked to the purchase transactions listed in Section C. Please attach additional pages, if needed.

**Purchaser Name(s):**

**Street Address:**

**City:**                                  **State:**      **ZIP:**

QUESTIONS? CALL TOLL-FREE 1 (855) 907-3111

## SECTION B: SETTLEMENT CLASS

The proposed McWane Settlement is for the benefit of **indirect** DIPF purchasers only, that is, individuals or entities in the United States who bought DIPF originally made or sold by SIGMA, Star or McWane (McWane includes McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union) from companies other than SIGMA, Star, or McWane, and not those who purchased DIPF from SIGMA, Star, or McWane directly.

## SECTION C: PURCHASE INFORMATION

Complete this section only if you are a member of one or more of the McWane, SIGMA, or Star Settlement Classes. Please attach additional pages if needed. You must provide all requested information or your claim may be rejected.

- First, separately list below the totals by time period of your purchases of all Open-Spec DIPF originally made or sold by McWane, SIGMA or Star from companies other than SIGMA, Star, or McWane from January 11, 2008, through June 30, 2011. Purchases made directly from McWane, SIGMA or Star are not eligible to be considered for claims purposes.

- Second, separately list below the totals by time period of **only** your purchases of Domestic DIPF originally made or sold by McWane or SIGMA from companies other than SIGMA or McWane from September 17, 2009, through December 31, 2013. Purchases made directly from McWane or SIGMA are not eligible to be considered for claims purposes.

- The yearly totals must be in U.S. dollars and reflect the net amount paid after deducting any discounts, rebates, taxes, freight charges and delivery charges.

## I. All Indirect DIPF Purchases

| Purchases of McWane DIPF | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and June 30, 2011) | $bbbbb.bb |
| | 2009 | | $bbbbb.bb |
| | 2010 | | $bbbbb.bb |
| | 2011 | | $bbbbb.bb |

| Purchases of SIGMA DIPF | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and June 30, 2011) | $bbbbb.bb |
| | 2009 | | $bbbbb.bb |
| | 2010 | | $bbbbb.bb |
| | 2011 | | $bbbbb.bb |

| Purchases of Star DIPF | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2008 | (only include purchases between January 11, 2008 and December 31, 2008) | $bbbbb.bb |
| | 2009 | | $bbbbb.bb |
| | 2010 | | $bbbbb.bb |
| | 2011 | | |

$bbbbb.bb

## II. Indirect Domestic DIPF Purchases Only

| Purchases of McWane or SIGMA Domestic DIPF | Year | | Total Cost of Purchase (U.S. Dollars) |
|---|---|---|---|
| | 2009 | (only include purchases between September 17, 2009 and December 31, 2013) | $bbbbb.bb |
| | 2010 | | $bbbbb.bb |
| | 2011 | | $bbbbb.bb |
| | 2012 | | $bbbbb.bb |
| | 2013 | | $bbbbb.bb |

## SECTION D: SUBMISSION TO JURISDICTION OF THE COURT

By signing below, you are submitting to the jurisdiction of the United States District Court for the District of New Jersey if questions concerning your claim in the McWane Settlement need to be resolved.

## SECTION E: QUESTIONS

**If you have questions or want more information, you can visit the official Settlement website at www.DIPFIndirectSettlement.com; contact the Claims Administrator toll-free at 1 (855) 907-3111; or write to any of the following counsel for Plaintiffs:**

| | | |
|---|---|---|
| Joseph C. Kohn<br>**KOHN SWIFT & GRAF, P.C.**<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | Robert S. Kitchenoff<br>**WEINSTEIN KITCHENOFF & ASHER LLC**<br>100 S. Broad<br>Street Suite 705<br>Philadelphia, PA 19110 | David Kovel<br>**KIRBY MCINERNEY LLP**<br>825 Third Avenue<br>16th Floor<br>New York, NY 10022 |

## SECTION F: CERTIFICATION

**I hereby certify under penalty of perjury that:**

1. I am not submitting any direct purchases from defendants in the above information;
2. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information and belief;
3. I have documentation to support my claim and agree to provide additional information to the Claims Administrator to support my claim if necessary;
4. I am authorized to submit this Claim Form on behalf of the member of the Settlement Class named above;
5. I am neither a Defendant, nor parent, employee, subsidiary, affiliate or co-conspirator of a Defendant;
6. This Claim Form was not filed on behalf of a federal government entity or agency;**
7. I have not assigned or transferred (or purported to assign or transfer) or submitted any other claim for the same purchases of DIPF and have not authorized any person or entity to do so on my behalf; and
8. I have read and, by signing below, agree to all of the terms and conditions set forth in this Claim Form.

| Signature: | Date: |
|---|---|
| | bb / bb / bbbb |

**Only federal governmental entities and instrumentalities of the federal government are not part of the settlements. This exclusion does **not** include local or state governments or state agencies or municipalities.

THIS PAGE INTENTIONALLY LEFT BLANK