NOT FOR PUBLICATION

RECEIVED

JUN 1 3 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
| --- | --- |
| IN RE DUCTILE IRON PIPE FITTINGS ("DIPF") INDIRECT PURCHASER ANTITRUST LITIGATION | : Civ. No. 12-169 : : : |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT BETWEEN INDIRECT PURCHASER PLAINTIFFS AND DEFENDANT McWANE, INC., APPROVING THE PLAN OF ALLOCATION, AND ENTERING FINAL JUDGMENT

THOMPSON, U.S.D.J.

This **CAUSE** having come before the Court on the application of Indirect Purchaser Plaintiffs for Final Approval of the Class Action Settlement with Defendant McWane, Inc. and the Plan of Allocation in the above-entitled action (ECF No. 337); following a final fairness hearing in accordance with Federal Rule of Civil Procedure 23; and for good cause having been shown,

**IT IS** on this ___13th___ day of June, 2018   **ORDERED** that the Motion is **GRANTED.**

Based upon the Court's review of the Settlement Agreement between Indirect Purchaser Plaintiffs ("IPPs" or "Plaintiffs") and Defendant McWane, Inc.("McWane"), the Notice of Motion, the accompanying Memorandum, Declaration, and exhibits, any objections filed of record, and the complete record and files in the above-entitled action (the "Action"), having heard oral argument presented at the Final Settlement Approval Hearing, the Court determines as follows:

1.    The Court has jurisdiction over the subject matter of this action.

2.    All terms used in this Order that are defined in the Settlement Agreement shall have the same meaning in this Order as in the Settlement Agreement (ECF No. 334-2), unless otherwise defined herein.

3.      For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the

Court hereby certifies a Settlement Class consisting of:

> All persons or entities that reside or have a place of business in the
> States of Arizona, Arkansas, California, District of Columbia,
> Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan,
> Minnesota, Mississippi, Montana, Nebraska, Nevada, New
> Hampshire, New Mexico, New York, North Carolina, North
> Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah,
> Vermont, West Virginia, and Wisconsin (the "Settlement Class
> States") who or that purchased DIPF indirectly from any Defendant
> at any time from January 11, 2008, through June 30, 2011 or who or
> that purchased Domestic DIPF indirectly from McWane or SIGMA
> at any time from September 17, 2009, through December 31, 2013.

Excluded from the Settlement Class are any Opt-Out Purchasers, Defendants and their

parents, subsidiaries and affiliates, whether or not named as a Defendant in this Action, federal

governmental entities, and instrumentalities of the federal government. "Opt-Out Purchasers"

means the persons or entities listed on **Exhibit 1** hereto who have timely exercised their rights to

be excluded from the Settlement Class.

4.      The Settlement was attained following an extensive investigation of the facts. It

resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel

with significant experience litigating antitrust class actions, and with the assistance of well-

qualified mediators.

5.      Final approval of the Settlement with McWane is granted pursuant to Fed. R. Civ.

P. 23(e), because the Settlement Agreement is "fair, reasonable and adequate" to the Settlement

Class, and the parties are directed to consummate the Settlement Agreement in accordance with

its terms. In reaching this conclusion, the Court considered the factors set forth in *Girsh v. Jepson*,

521 F.2d 153 (3d Cir. 1975).

-2-

6.     The Court grants final certification to the proposed Settlement Class pursuant to

Fed. R. Civ. P. 23 (e), and finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and

23(b)(3) have been satisfied as follows:

    (a)    the members of the Settlements Class are so numerous that joinder of all class
           members is impracticable;

    (b)    the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

    (c)    Named Plaintiffs and Interim Co-Lead Counsel will fairly and adequately represent
           and protect the interests of the Settlement Class Members;

    (d)    There are questions of law and fact common to the Settlement Class which
           predominate over any individual questions; and

    (e)    a class action is superior to other available methods for the fair and efficient
           adjudication of the controversy.

7.     The persons and entities identified in **Exhibit 1**, which is attached hereto and

incorporated by reference herein, have timely and validly requested exclusion from the Settlement

Class and are hereby excluded from the Settlement Class, are not bound by this Order and Final

Judgment, and may not make any claim against or receive any benefit from the Settlement with

McWane, whether monetary or otherwise. These excluded persons or entities may not pursue any

Released Claims on behalf of those who are bound by this Order and Final Judgment. Each

member of the Settlement Class not appearing in **Exhibit 1** is bound by this Order and Final

Judgment, and will remain forever bound.

8.     McWane has complied with the notice requirements of the Class Action Fairness

Act of 2005 ("CAFA"), 28 U.S.C. § 1715, having filed notification of the Settlement with

the appropriate federal and state officials. (*See* McWane CAFA Notice, ECF No. 336.) No

objections or requests for hearings have been made by any federal or state official within 90 days

from the date on which McWane fulfilled its obligation under CAFA.

9.      The Court hereby confirms the appointment of David E. Kovel of Kirby McInerney LLP; Joseph C. Kohn of Kohn, Swift & Graf, P.C.; and Robert S. Kitchenoff of Weinstein Kitchenoff & Asher LLC as Settlement Class Counsel for IPPs in the McWane Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

10.     The Court appoints TC Construction Co. Inc., Waterline Industries Corporation, Waterline Services, LLC, Yates Construction Co., Inc., the City of Hallandale Beach, Florida, Wayne County, Michigan, the South Huntington Water District, New York, the Village of Woodridge, New York, and Water District No. 1 of Johnson County, Kansas as representatives of the Settlement Class in the McWane settlement.

11.     The Preliminary Approval Order (ECF No. 335) outlined the form and manner by which Plaintiffs would provide the Settlement Class with notice of the Settlement, the Settlement Hearing, opt-out and exclusion deadlines, and related matters. The Notice Program included individual notice to members of the Settlement Class who could be identified through reasonable effort as well as an extensive nationwide media campaign. Proof of compliance with the notice mailing and publication terms as set forth in the Preliminary Approval Order has been filed with the Court. The Class Notice constituted the best notice practicable under the circumstances, satisfied Rule 23 of the Federal Rules of Procedure and due process, and constitutes sufficient notice for all other purposes to all persons entitled to receive notice.

12.     The Court also finds that the proposed Plan of Allocation, which was disclosed in the Class Notice sent to members of the Settlement Class, is fair, reasonable, and adequate. Therefore, the Court grants final approval to the Plan of Allocation.

13.     Any and all lawsuits pending against McWane or any of the Releasees asserting the Released Claims shall be dismissed with prejudice and without costs, except as provided for in the Settlement Agreement.

14.     The Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraphs 29-31 of the Settlement Agreement against any Releasee, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located.

15.     The Releasors remise, release, acquit, and forever discharge, and covenant not to sue the Releasees from and for Claims as set forth in Paragraphs 29-31 of the Settlement Agreement.

16.     Plaintiffs and their directors, officers, employees, and counsel are hereby released from any claim by McWane and the Releasees relating to the institution or prosecution of the Action.

17.     This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Settlement Class against other persons or entities other than the Releasees, and all rights against any other non-released person or entity are specifically reserved.

18.     Neither the Settlement Agreement, nor this Order and Final Judgment, nor any other papers relating to the Settlement Agreement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a)     offered or received against any Releasee as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Releasee of the truth of any fact alleged by indirect purchasers or the validity of any claim that has been or could have

-5-

been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Releasee; or

        (b)      offered or received against any Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Releasee.

19.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

20.     The Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of law principles.

21.     The escrow account established by the parties is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

22.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal forthwith as to the Releasees.

 

                                                        ANNE E. THOMPSON, U.S.D.J.

# EXHIBIT 1

| GCG ID | Name | City | State |
|---|---|---|---|
| 1008121 | PLATTE COUNTY PUBLIC WATER SUPPLY | PARKVILLE | MO |
| 1013456 | CITY OF BILLINGS | BILLINGS | MT |



# CITY OF BILLINGS

## CITY ATTORNEY'S OFFICE
### P.O. BOX 1178
### BILLINGS, MONTANA 59103

(406) 657-8205
FAX (406) 657-3067

*Garden City Group, LLC*
*MAY 2 2 2018*

May 8, 2018

DIPF Indirect Purchaser Antitrust Litigation
C/O GCG
P.O. Box 10251
Dublin, OH 43017-5751

To Whom it May Concern:

Please be advised that the City of Billings wants to be excluded from the McWane Settlement. The case name is *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litigation*, Civ. No. 12-169 (D.N.J.).

Sincerely,

*Brent Brooks*

Brent Brooks
City Attorney
P.O. Box 1178
Billings, MT 59103
406.657.8205

CC: Debi Meling, City Engineer



Billings Pride City-wide

CITY OF BILLINGS
CITY ATTORNEY'S OFFICE
P.O. BOX 1178
BILLINGS, MONTANA 59103-1178

PRESORTED
FIRST CLASS



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 59101    $ 000.45⁸
02 4W
0000345908 MAY 16. 2018

DIPF Indirect Purchaser Antitrust Litigation
C/O GCG
P.O. Box 10251
Dublin, OH 43017-5751

DNXWSMP 43017

# Platte County Public Water Supply District No 6

7123 NW Eastside Drive Parkville, Missouri 64152

T: 816-741-7790
F: 816-298-6339
E-mail: waterdistrict6@yahoo.com

April 9, 2018

DIPF Indirect Purchaser Antitrust Litigation c/o GCG
P.O. Box 0251
Dublin, OH 43017-5751

Regarding Case:  In re Ductile Iron Pipe fittings ("DIPF") Indirect Purchaser Antitrust Litigation,
CIV. Mo. 12-169 (D.N.J.).

To whom it may concern:

Please exclude Platte County Public Water Supply District No 6 located at 7123 N.W. Eastside
Drive Parkville, Missouri 64152 from the McWane Settlement.

PWSD 6 understands that we will not be entitled to any compensation from the MCWane
Settlement Fund and that we cannot object to the McWane Settlement, the Plan of Allocation or
has any right to sue.

If you have further questions you may contact me at 816-741-7790 Monday-Friday 9 a.m. to 5
p.m.

Melissa Hogan
District Manager

**Public Water Supply District No. 6**
7123 N. W. Eastside Drive
Parkville, Missouri 64152

KANSAS CITY 640

30 APR 2018 PM 2 L




PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**


7017 2400 0000 2809 2642

DIPF Indirect Purchaser Antitrust Litigation c/o GCG
P.O Box 0251
Dublin, OH 43017-5751


U.S. POSTAGE
PAID
PARKVILLE, MO
64152
APR 30, 18
AMOUNT
**$3.45**
R2304W119758-12

1000          43017

43017-025151