NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE DUCTILE IRON PIPE FITTING ("DIPF") INDIRECT PURCHASER ANTITRUST LITIGATION | : <br> : <br> : Civ. No. 12-169 <br> : <br> : |

THOMPSON, U.S.D.J.

### ORDER APPROVING (1) AWARD OF ATTORNEYS' FEES, (2) REIMBURSEMENT OF EXPENSES, AND (3) SERVICE AWARDS

THIS MATTER, having come before the Court on the Indirect Purchaser Plaintiffs' ("IPPs") Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards, filed on May 9, 2018 (ECF No. 338);

And the Court, having reviewed the motion and its accompanying memorandum, supporting declarations, and the file;

And, the Court having separately granted final approval to settlements entered between IPPs and McWane, Inc. and its divisions Clow Water Systems Co., Tyler Pipe Company, and Tyler Union, Star Pipe Products, Ltd., and SIGMA Corp. (the "Settlements");

And good cause having been shown;

IT IS ON THIS ___13th___ DAY OF ___June___, 2018, HEREBY ORDERED, ADJUDGED AND DECREED:

1. The notice adequately and reasonably afforded Settlement Class

1

members the opportunity to object to the proposed request for an award of attorneys' fees, reimbursement of litigation expenses, and service awards to the class representatives. No objections were filed.

2. The Settlements confer a substantial benefit on the indirect purchaser Settlement Classes.

3. Interim Co-Lead Counsel have described the vigorous and effective pursuit of the IPPs' claims before this Court. Those efforts included, among other things: (i) a thorough investigation of potential claims against McWane, Star, and SIGMA; (ii) development, review, and analysis of the discovery record, which included documents produced by defendants; (iii) preparation for and participation in depositions of plaintiffs, defendants, and experts; (iv) research for and drafting of consolidated and amended complaints; (v) extensive briefing and oral argument on the motions to dismiss and the class certification motion; (vi) discovery of third-parties; (vii) working with an expert to prepare a class and merits damages report; (viii) opposing McWane's motion to exclude IPPs' expert's opinions; (ix) appearances before the Court in person and by telephone for motions and status conferences; (x) mediations with all the defendants before well-qualified mediators; and (xi) negotiating the terms of the Star, SIGMA, and McWane Settlement Agreements and preparing the required settlement documents.

4.  In granting IPPs' request for an award of attorneys' fees, I have considered the factors in *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998) and *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000): (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by IPPs' counsel; (7) awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups; (9) the percentage fee that would have been negotiated in a private contingent fee arrangement; and (10) any innovative settlement terms.

5.  The Court finds that the requested fee of one-third of the total amount of the Star, SIGMA, and McWane settlements is fair and reasonable and within the range of fees ordinarily awarded in this district and throughout the Third Circuit. The Court, therefore, grants Interim Co-Lead Counsel attorneys' fees in the amount of **$1,357,083.33**. Interim Co-Lead Counsel is hereby authorized to allocate the fee awarded by the Court among all other counsel who rendered professional services on behalf of the IPPs in a manner which, in Interim Co-Lead Counsel's opinion, fairly reflects the benefit of the services rendered.

6. The Court also grants Interim Co-Lead Counsel reimbursement of litigation expenses of **$87,270.35** to be distributed to the firms that incurred such expenses. The Court finds that these expenses were necessary, reasonable, and proper in the pursuit of this litigation.

7. The proposed class representatives were extensively involved in this case and devoted substantial time and energy to their duties, including working with counsel to understand the workings of the DIPF market, collecting relevant documents, responding to interrogatories, and preparing and sitting for depositions. The Court therefore grants service awards of **$15,000** each to Yates Construction Co., Inc., South Huntington Water District, Waterline Industries Corp., City of Hallandale Beach, Wayne County, T.C. Construction Company, Water District No. 1 of Johnson County, and the Village of Woodbridge, payable from the settlement funds, for their efforts in this litigation and their roles in bringing about the recovery on behalf of the IPPs.

*[signature]*
ANNE E. THOMPSON, U.S.D.J.